

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 12, 1970

Hon. Ward R. Burke, Chairman
Department of Mental Health
   and Mental Retardation
Box S, Capitol Station
Austin, Texas   78711

Opinion No. M- 628

Re:   May the Commissioner of the
      Texas Department of Mental
      Health and Mental Retardation
      terminate the services of
      the Deputy Commissioner of
      that department without the
      approval of the governing
      board of that department?

Dear Mr. Burke:

        You have requested our opinion as to whether or not
the Commissioner of the Texas Department of Mental Health and
Mental Retardation may terminate the services of the Deputy
Commissioner of Mental Health Services without the approval of
the Texas Board of Mental Health and Mental Retardation.

        Article 5547-202, Vernon's Civil Statutes, provides
in part as follows:

        "Sec. 2.07. (a)   The Board shall appoint
a qualified person to serve as Commissioner. ...

        "Sec. 2.08. (a)   The Commissioner shall
appoint a Deputy Commissioner of Mental Health
Services and a Deputy Commissioner for Mental
Retardation Services.   Each appointment is
subject to the approval of the Board. ...

        "Sec. 2.11 (b)   All of the administrative
rule making and decisional powers granted by
this Act are vested in the Commissioner, subject
to the basic and general policies formulated by
the Board. ...

        "Sec. 2.12 (a)   The Commissioner is responsible
for the effective administration of the programs
and services of the Department."

The power of removal is incident to the power of appointment. 43 Am.Jur. 31, Public Officers, Sec. 183. The Deputy Commissioner is a mere employee, without tenure. He takes no oath, makes no bond, and the nature of his duties do not require him to exercise sovereign powers in his own right. 47 Tex.Jur. 2d 11-12, Public Officers, Sec. 1.

In Freeman v. Gould Special School District of Lincoln County, Ark., 405 F.2d 1153 (8th Cir. 1969) the Court held as follows:

"Many government employees are under civil service and some under tenure. Absent these security provisions, a public employee has no right to continue public employment except in so far as he may not be dismissed or failed to be rehired for impermissible constitutional reasons, such as race, religion, or the assertion of rights guaranteed by law or the Constitution." (405 F.2d 1159).

"Absent statutory or contractual requirements, persons discharged for inefficiency, incompetency, or insubordination have no constitutional right to a hearing with rights of cross-examination and confrontation of witnesses." (405 F.2d 1161).

The applicable law is stated in Jones v. Hopper, 410 F.2d 1323 (10th Cir. 1969), as follows:

"It has become a settled principle that government employment, in the absence of legislation, can be revoked at the will of the appointing officer." (410 F.2d 1328).

The Supreme Court of the United States in Cafeteria Workers v. McElroy, 367 U.S. 886 (1961), recognizes this proposition of law and has not sought to change it as of this writing.

There is nothing in the Mental Health and Mental Retardation Act which requires the approval of the Texas Board of Mental Health and Mental Retardation where the Commissioner has terminated the services of the Deputy Commissioner for Mental Health Services, and it is our opinion that the Commissioner has the authority to terminate the employment of the Deputy Commissioner for Mental Health Services without the approval of the Board. We have been furnished no factual grounds or

basis for the termination of the employment, and we presume that the termination of employment was not based upon any unconstitutional ground.

Formal charges and a hearing are not required even where a public officer holds only at the pleasure of his superiors as when the provision for appointment prescribes no definite term and does not require that the removal be for cause, or where the removal depends on the exercise of personal judgment on the question whether cause for removal exists.  43 Am.Jur. 52, Public Officers, Sec. 213.

## S U M M A R Y

The Commissioner of the Texas Department of Mental Health and Mental Retardation may terminate the services of the Deputy Commissioner of Mental Health Services without the approval of the Texas Board of Mental Health and Mental Retardation, provided the termination is not based upon any unconstitutional ground.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Jack Sparks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Acting Co-Chairman

James Mabry
James R. Giddings
Rex White
Vince Taylor

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant